UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RANDAL EARL HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-86 |
| v. ) | (VARLAN/SHIRLEY) |
| ) | |
| HOME DEPOT USA, INC., *et al*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is Defendants' Motion to Require Plaintiff to Execute Authorization for Release of Records from Veterans Administration [Doc. 51], which is ripe for adjudication [see Docs. 57, 58]. The parties appeared before the undersigned telephonically on August 28, 2013, to address this motion.

The Defendants maintain that they need medical records from the Plaintiff's treatment at the Veterans Administration Medical Facilities in Johnson City, Tennessee, (hereinafter "the VA"), in order to determine medications that the Plaintiff may have been taking at the time of the accident and to evaluate his physical capacity before and after the accident. The Defendants argue that the medications the Plaintiff was taking at the time of the accident are relevant to liability, and the Plaintiff's physical capacity and health generally are relevant to calculating damages for lost wages.

Plaintiff responds that the Defendants' request, which is not limited in time or scope, is unreasonable. Plaintiff maintains that the Plaintiff did not even receive treatment at the VA for

injuries caused by the accident at issue in this case.  Generally, Plaintiff argues that his filing of this lawsuit did not entitle Defendant to engage in unfettered expedition through Plaintiff's medical records.

The Court finds that the Defendant is entitled to a records release, because the records may be relevant to both liability and damages.  The release, however, will be limited in time. The parties agreed that this ruling was a reasonable compromise between their two positions. Accordingly, and for the reasons more fully stated in the telephonic hearing, the Motion to Require Plaintiff to Execute Authorization for Release of Records from Veterans Administration **[Doc. 51]** is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff **SHALL EXECUTE** a medical records release for records composed between **November 1, 2008, and the date of execution**.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge